# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**RAYMOND D. WASHINGTON,**
          Plaintiff,

          vs.          06-1159

**ROGER E. WALKER, JR., ET AL.,**
          Defendants.

## ORDER

      The plaintiff, Raymond D. Washington, currently incarcerated at Lawrence Correctional Center has filed a petition to proceed in forma pauperis alongwith a complaint brought pursuant to 42 U. S. C. Section 1983. He names as defendants, Roger E. Walker, Jr., Director of Illinois Department of Corrections (hereinafter IDOC); Sherry Benton, Chairperson of the Administrative Review Board for IDOC; Bruce R. Fisher, Chairperson of Adjustment Committee, Illinois River Correctional Center (hereinafter IRCC); Charlette Gordon, member of the Adjustment Committee, IRCC; and Donald A. Hulick, the warden of IRCC.

### Standard

      The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

      Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

The merit review standard is the same as a motion to dismiss standard.  It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

The plaintiff claims that on February 14, 2006, while incarcerated at Illinois River Correctional Center, he was issued a disciplinary report (hereinafter IDR) charging him with 102-Assaulting Any Person and 303-Giving False Information to an employee.  He further claims that at the time he was served with the IDR, he wrote his witnesses names on the white copy of the IDR, in other words he requested witnesses.  On February 21, 2006, the plaintiff appeared before the Adjustment Committee.  During the hearing, the plaintff asked Fisher and Gordon if they had contacted his witnesses, Alvarea, Lt. Hugghs and Warden Hulick.  The plaintiff was found guilty of the assault charge and not guilty of giving false information to an employee.  As punishment he received 1 months C Grade; 1 month segregation and a transfer.  The plaintiff filed a grievance regarding the February 14, 2006 IDR, complained that his witnesses had not be contacted during the February 21, 2006 hearing and complained about Chairman Fisher's conduct during the February 21, 2006 hearing.  Sherry Benton recommended a mixed ruling.  She denied the plaintiff's grievance as to charges of staff misconduct or due process violations and recommended that due to non-compliance with Department Rule 504.80, the IDR be expunged, but the transfer stood.  Roger Walker concurred with Benton's recommendation.

The plaintiff then filed a grievance against Benton alleging that he should have been transferred back to a level 3 prison.  He also requested compensatory and punitive damages for each day he spent at Lawrence Correctional Center with the amenities found at Illinois River Correctional Center.  The plaintiff alleges that he served the one month in segregation and had a month reduction in his grade from B to C.  He claims he is still being held in Lawrenceville under a "disciplinary transfer" because Walker and Benton refused to completely overturn the sanctions. The plaintiff claims that as a direct result of the defendants refusal to correct the due process violation, he lost the following amenities: free weights; ability to wear his own shoes during visits at Lawrence; incarcerated close to his mother; ability to walk unescorted to

commissary, dining room and call passes; ability to go to commissary; dayroom privileges; ability to use the phone everyday; ability to shower everyday; ability to clean his cell everyday with access to toiler bowl brush and various cleaning supplies; receive ice three times per day; ability to wear blue jean jacket or coat; buy and use a hot pot; beds with springs, rather than a slab of steel; picnic tables sitting on grass; football/soccer field; two tracks; two phones; two portable potties; ability to take his radio or walkman to yard; water fountains; yard privileges fives times a week; phones on the yard; access to the gym with a recreation room that includes ping pong, pool tables and board games; band room; arts and crafts room; ability to participate in contests such as pool tournaments, volleyball, three point shoot out, chess, etc.

### Discussion

First, the plaintiff's due process claim is dismissed. By the end of the administrative process, the alleged due process violations had been cured. *See Morrissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative review process is part of the due process afforded prisoners.)  Since the IDR was subsequently expunged, any procedural defect in those proceedings is inconsequential. Further, inmates have no constitutionally protected interest in avoiding transfer to another prison or in being placed in a certain institution. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or avoiding transfer to another prison). Therefore, any claims regarding his transfer from Illinois River to Lawrence and the loss of amenities as a result of the transfer are dismissed. Pursuant to 28 U.S.C. §1915A(b) and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire complaint is dismissed.

**It is therefore ordered:**

1. **Pursuant to 28 U.S.C. §1915A(b) and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire complaint is dismissed. All pending motions are denied as moot and this case is closed.**
2. **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**
3. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may**

also accumulate another strike under 28 U.S.C. 1915(g). The plaintiff is advised that the appellate filing fee is currently $455.00.

Enter this 16th day of October 2006.

s\Harold A. Baker
_____
Harold A. Baker
United States District Court